```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
ABDUL-JALEEL MAHDI; FARDAN :
SALAHUDDIN, :
 :
 :    1:23-cv-2710-GHW
                                            Plaintiffs, :
 :    TRANSFER ORDER
                   -v - :
 :
MATHEW RYAN, JR., *District Attorney Hampden* :
*County, Springfield, Mass., et al.*, :
 :
                                            Defendants. :
 :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff Abdul-Jaleel Mahdi,[1] who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging defendants violated his rights in Massachusetts.[2] He sues judges, prosecutors, court employees, and defense attorneys who were involved in his criminal proceedings in the state courts of Massachusetts. For the following reasons, the Court transfers this action to the United States District Court for the District of Massachusetts.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Fardan Salahuddin is listed as a plaintiff in the caption of the complaint, but he did not sign the complaint, and the allegations do not pertain to him. The Court notes that the statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (citations omitted)).

[2] Plaintiff Mahdi paid the filing fees for this action.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff Mahdi, who resides in Holyoke, Massachusetts, alleges that defendants violated his rights by falsely imprisoning and kidnapping him. He does not plead the residence of any of the defendants, but he asserts that the alleged events giving rise to his claims largely occurred in Hampden County, Massachusetts. Because nothing in the complaint suggests that any of the defendants are located in New York, or that the events giving rise to Mahdi's claims occurred within this district, it is clear that venue is not proper in this Court under § 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff Mahdi's claims arose in Hampden County, Massachusetts, which falls within the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 101. Accordingly, venue lies in the District of Massachusetts, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts without delay. Summonses shall not issue from this court. This order

closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 7, 2023
  New York, New York

_____
GREGORY H. WOODS
United States District Judge